# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| MCCORMICK & COMPANY, INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>PRIMAL PALATE, LLC,<br><br>Defendant. | Civil Action No. 1:18-cv-03799-RDB<br><br>**DEMAND FOR JURY TRIAL** |

**FIRST AMENDED COMPLAINT**

Plaintiff, McCormick & Company, Incorporated ("McCormick"), for its Complaint against Primal Palate, LLC ("Defendant"), alleges as follows:

**PARTIES**

1. McCormick is a corporation duly organized and existing under the laws of the State of Maryland, with a principal place of business within this judicial district at 24 Schilling Road, Hunt Valley, Maryland.

2. On information and belief, Defendant is a corporation organized under the laws of the State of Pennsylvania, having its principal place of business in Pittsburg, Pennsylvania.

**JURISDICTION AND VENUE**

3. This Court has original subject matter jurisdiction over all counts alleged in this complaint pursuant to: 15 U.S.C. § 1121 as they all arise under the Federal Trademark (Lanham) Act (15 U.S.C. § 1051 *et seq.*); 28 U.S.C. § 1338(a), in that all claims arise under an Act of Congress relating to trademarks; and 28 U.S.C. § 1331, in that all claims arise under the laws of the United States.

4. This Court has personal jurisdiction over Defendant as, on information and belief, Defendant does business in this judicial district; Defendant's infringing products complained of herein are sold within this judicial district; and Defendant has caused harm within this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because Defendant's transactions in this District constitute a substantial part of the events giving rise to McCormick's complaint.  Furthermore, McCormick has suffered harm in this District and the Lanham Act provides that venue lies in the place of harm to the plaintiff.

## GENERAL ALLEGATIONS

### The OLD BAY Trademark

6. In 1889, Willoughby M. McCormick and three young workers started a company, operating out of a cellar, to sell food flavorings and extracts door to door.  Since that time, McCormick and its predecessors in interest have been in the business of producing and selling food-related products, including food seasonings, spice blends, marinades and sauces.

7. McCormick is one of the most respected names in the food seasonings industry today, manufacturing, marketing, and distributing spices, seasoning mixes, condiments, extracts, and other seasoning products to retail outlets, food manufacturers, and food service businesses around the world. McCormick's offerings include certified organic spices, herbs, and seasonings, and McCormick's website features a variety of recipes using its organic products.

8. One of McCormick's most beloved and most time-honored products is its OLD BAY® seasoning blend. Developed in Maryland in 1939 by McCormick's predecessor in interest, the OLD BAY seasoning blend is a distinctive blend of herbs and spices that was originally marketed as a crab seasoning in the Chesapeake Bay area, a region known for its blue crabs and crab houses. The OLD BAY product rose to popularity with the prevalence of crab houses in Maryland in the 1930s, and has

since become a popular seasoning and condiment for a wide range of uses, including for seafood, poultry, meats, salads, soups, and snack foods.

9. McCormick acquired the OLD BAY product line in 1990. Recognizing the enormous value and goodwill built up in the OLD BAY brand through decades of consumer use, McCormick has invested significantly in expanding brand recognition of the distinctive OLD BAY mark for a variety of related goods and services (collectively, "OLD BAY Mark"). In addition to the original OLD BAY seasoning blend, McCormick currently offers different flavor variations and compositions of the OLD BAY blend, all of which are marketed under the OLD BAY Mark.

10. McCormick's OLD BAY seasoning blend is also incorporated into a number of licensed products and services from authorized licensees, such as OLD BAY-flavored sausages, crab cakes, beef jerky, sunflower seeds, Bloody Mary mix, roasted peanuts, popcorn, French fries, beer, as well as restaurant food services. In addition, McCormick licenses third parties to use the OLD BAY trademark on a variety of apparel, accessories, and merchandise. McCormick controls all authorized uses of the OLD BAY Mark and the quality of the products and services offered under the brand.

11. McCormick, together with its predecessor in interest and licensees, have used the OLD BAY Mark continuously, extensively and exclusively for more than 75 years in connection with the OLD BAY product line.

12. McCormick's OLD BAY seasoning blend currently ranks as the best-selling seafood seasoning in the United States, and has a majority share of the seafood blends market segment. OLD BAY products are sold in interstate commerce in retail stores, mass merchandise stores, and through online marketplaces and retail websites.

13. McCormick's OLD BAY products and services are used by a wide variety of consumers ranging from casual purchasers to food service providers.

14. OLD BAY's popularity has extended far beyond Maryland, with sales in all regions of the United States.

15. The popularity of McCormick's OLD BAY products has also extended to markets outside the United States. OLD BAY products are sold to and used by consumers around the world, including in Canada, France, and the United Kingdom.

### McCormick's Trademark Rights in OLD BAY

16. McCormick owns U.S. Registration No. 1,679,574 for OLD BAY for "spices, seasonings, spice blends and seasoning blends" in International Class 30. The application to register the OLD BAY mark as shown in Registration No. 1,679,574 was filed on May 17, 1991, with a claimed first use and first use-in-commerce date of August 3, 1945. This registration is incontestable. Attached hereto as **Exhibit A** is a true and correct copy of the registration certificate and a print-out of the Trademark Status & Document Retrieval ("TSDR") page for U.S. Registration No. 1,679,574.

17. McCormick owns U.S. Registration No. 2,940,177 for OLD BAY for "sauces, seasonings, seasoned breadcrumbs, seasoned batter mix for seafood, poultry and vegetables, shrimp and crab boil, marinades" in International Class 30. The application to register the OLD BAY mark as shown in Registration No. 2,940,177 was filed on April 13, 2004, with a claimed first use and first use-in-commerce date of August 3, 1945. This registration is incontestable. Attached hereto as **Exhibit B** is a true and correct copy of the registration certificate, a print-out of the TSDR page, and the acknowledgment under Section 15 for U.S. Registration No. 2,940,177.

18. Opposer owns U.S. Registration No. 429,137 for OLD BAY (Stylized) for "seasonings for meat, sea food, and other food products-namely, catsup seasoning, meat seasoning, poultry seasoning, braunschweiger seasoning, sausage seasoning, frankfurter seasoning, bologna seasoning, fish seasoning, relish seasoning, gravy seasoning, hamburger seasoning" in International Classes 1, 5, 29, 30,

31, and 32. The application to register the OLD BAY (Stylized) mark as shown in Registration No. 429,137 was filed on October 1, 1945, with a claimed first use and first use-in-commerce date of August 3, 1945. This registration is incontestable. Attached hereto as **Exhibit C** is a true and correct copy of the registration certificate and a print-out of the TSDR page for U.S. Registration No. 429,137.

19. Opposer owns U.S. Registration No. 1,679,454 for OLD BAY for "clothing; namely, T-shirts, and hats" in International Class 25. The application to register the OLD BAY mark as shown in Registration No. 1,679,454 was filed on June 11, 1991, with a claimed first use and first use-in-commerce date of September 1985. This registration is incontestable. Attached hereto as **Exhibit D** is a true and correct copy of the registration certificate and a print-out of the TSDR page for U.S. Registration No. 1,679,454.

20. Opposer owns U.S. Registration No. 4,148,818 for OLD BAY for "sausages" in International Class 29. The application to register the OLD BAY mark as shown in Registration No. 4,148,818 was filed on April 7, 2011, with a claimed first use and first use-in-commerce date of March 1, 2011. This registration is incontestable. Attached hereto as **Exhibit E** is a true and correct copy of the registration certificate, a print-out of the TSDR page, and the acknowledgment under Section 15 for U.S. Registration No. 4,148,818.

21. Opposer owns U.S. Registration No. 4,303,865 for OLD BAY for "crab cakes" in International Class 29. The application to register the OLD BAY mark as shown in Registration No. 4,303,865 was filed on January 23, 2012, with a claimed first use and first use-in-commerce date of September 15, 2012. Attached hereto as **Exhibit F** is a true and correct copy of the registration certificate and a print-out of the TSDR page for U.S. Registration No. 4,303,865.

22. Opposer owns U.S. Registration No. 4,275,833 for OLD BAY for "restaurant services" in International Class 43. The application to register the OLD BAY mark as shown in Registration No.

4,275,833 was filed on July 11, 2012, with a claimed first use and first use-in-commerce date of 2009. This registration is incontestable. Attached hereto as **Exhibit G** is a true and correct copy of the registration certificate and a print-out of the TSDR page for U.S. Registration No. 4,275,833.

23. Through its, its predecessor's, and its licensees' longstanding, widespread, and substantially exclusive use of the OLD BAY Mark, McCormick also owns significant common law rights in the OLD BAY Mark, which are not limited to the goods or services for which the OLD BAY Mark is registered.

24. All uses of the OLD BAY Mark by McCormick's licensees inure to the benefit of McCormick, the exclusive owner of the OLD BAY Mark.

### McCormick's OLD BAY Mark Is Famous

25. McCormick's OLD BAY seasoning blend is an iconic culinary staple, routinely featured in newspapers, publications, Internet articles, and the media.

26. In a 1989 article published in *The Inquirer* in Philadelphia, the OLD BAY seasoning product is described as an "institution" in Maryland that had grown beyond Maryland and seafood. (*See* http://articles.philly.com/1989-07-12/food/26132122_1_crab-cakes-baltimore-spice-chesapeake-bay.)

27. McCormick's OLD BAY products were the subject of a 2008 post on Serious Eats, a popular food website and recipient of a James Beard Foundation award for Best Food Blog. The "iconic" spice blend was described as standing out due to McCormick's distinctive promotion of the OLD BAY seasoning product. (*See* http://www.seriouseats.com/recipes/2008/10/old-bay-classic-shrimp-scampi-recipe.html.)

28. In 2014, the *Washington Post* newspaper published an article titled "They put Old Bay on everything in Maryland. Soon you will, too." Analyzing Google search data by geographic region, it observed that "Old Bay is everywhere these days, and not just in Maryland." (*See*

6

https://www.washingtonpost.com/news/wonk/wp/2014/05/07/why-old-bay-seasoning-might-be-on-the-cusp-of-making-it-big/?utm_term=.03aa29bb335c.)

29.     In 2015, after McCormick's launch of a "hot" variation of the OLD BAY seasoning blend, *Baltimore* magazine published an article on the first of new "Old Bay spice spin-off[s]" in the OLD BAY product line.  (*See* http://www.baltimoremagazine.net/2015/7/23/our-favorite-old-bay-inspired-products.)

30.     Also in 2015, *GQ* magazine published an article titled "What IS Old Bay, and Why Do People Love It So Much?"  It commented that "Old Bay may be the best-known American spice blend," and "[w]hile other spice blends like curry powders and Chinese five spice vary from cupboard to cupboard, Old Bay is Old Bay across the country."  (*See* https://www.gq.com/story/what-is-old-bay-and-why-do-people-love-it-so-much.)

31.     In 2017, *Taste* magazine published an article titled "Are You Eating Old Bay?"  It described the "cult of Old Bay" and commented that "[w]hile any Old Bay fanatic can tell you that its uses are endless, the spice blend's claim to fame is that it's the perfect accompaniment to crabs."  (*See* https://www.tastecooking.com/eating-old-bay/.)

32.     McCormick's advertising efforts have contributed to national recognition of the OLD BAY Mark.  To commemorate the 75th anniversary of the OLD BAY seasoning blend, McCormick designed a limited edition container featuring the OLD BAY Mark.  McCormick also worked with MGH, an ad agency, to publicize OLD BAY seasoning in television ads and billboards in venues around the country.  MGH created a two-page print ad prominently showcasing the OLD BAY Mark.  For this ad, MGH received the Gold National ADDY award, the highest recognition given by the American Advertising Federation.

33. McCormick also collaborated with a Maryland-based brewery to produce a special "75th anniversary" OLD BAY beer, with a red, blue, and yellow label scheme designed to highlight McCormick's promotion of the OLD BAY seasoning product.

34. McCormick has designed and released other limited edition OLD BAY products to commemorate sporting achievements.

35. As a result of McCormick's substantial advertising and promotion of a variety of OLD BAY products and services, as well as the immense popularity of the OLD BAY seasoning blend, the OLD BAY Mark has become famous. It is associated exclusively with McCormick in the minds of consumers.

### Harm to McCormick from Defendant's Conduct

36. On information and belief, Defendant has intentionally traded on the fame and goodwill of McCormick's OLD BAY Mark by marketing and selling a competing seasoning blend under the NEW BAE mark.

37. On information and belief, Defendant launched its NEW BAE seasoning blend in October 2017. In its product release at https://www.primalpalate.com/paleo-blog/introducing-the-food-lovers-pack-amore-new-bae-and-jerk-seasoning/, Defendant alluded to the "pun" behind the NEW BAE mark, and touted the mark in connection with spices, spice blends, and crab seasoning in particular (it's "the absolute best on crab legs").

38. On information and belief, Defendant has used marketing taglines such as "out with the Old, and in with the NEW" in connection with its NEW BAE mark, as shown below, to capitalize on the fame and goodwill of McCormick's OLD BAY Mark, particularly in connection with crab seasoning. Defendant's use of NEW BAE in this manner is intended to diminish the reputation of McCormick's

famous OLD BAY Mark and to create a wrongful association with McCormick's OLD BAY seasoning blend.



39. On information and belief, Defendant began marketing and distributing its competing NEW BAE seasoning products only recently, long after McCormick, its predecessor in interest, and its licensees began using the OLD BAY Mark, and long after the OLD BAY Mark became famous and associated exclusively with McCormick.

40. On information and belief, Defendant's NEW BAE products, like McCormick's OLD BAY products, are marketed to a wide variety of consumers, including casual purchasers, and are sold through the same trade channels as McCormick's OLD BAY products, such as online retail websites like Amazon.com.

41. McCormick has not authorized, licensed or otherwise endorsed Defendant's use of a mark that dilutes or is confusingly similar to McCormick's OLD BAY Mark.

42. Defendant's use and promotion of the NEW BAE mark has diluted McCormick's famous OLD BAY Mark. Consumers have already associated Defendant's NEW BAE mark with McCormick's famous OLD BAY Mark, as evidenced by comments regarding the parties' respective seasoning

9

sf-4077421

products such as: "I've used old bay for forever. Cannot wait to try new bae"; "grown up on Old Bay...seriously might have to taste test"; "I'm also from Baltimore so really curious about the new bae," "Old Bay over New Bae anyday;" and "I'm sorry, but nothing can replace Old Bay. Try again."

43.     Defendant's use and promotion of the NEW BAE mark on a seasoning blend that competes with McCormick's OLD BAY seasoning blend is likely to cause confusion as to the source, affiliation, or sponsorship of Defendant's products.  Defendant's NEW BAE mark falsely suggests to consumers that Defendant's seasoning blend is a "NEW" version of the seasoning blend offered under McCormick's famous OLD BAY Mark, and that Defendant is affiliated with or sponsored by McCormick, or that Defendant's NEW BAE products come from the same source as McCormick's OLD BAY products.

44.     On November 13, 2017, Defendant filed U.S. Application Serial No. 87/682,012 to register the NEW BAE mark for "organic spices" in International Class 30, with a claimed first use date of August 4, 2017 and a claimed first use-in-commerce date of October 29, 2017.

45.     On April 9, 2018, McCormick sent Defendant a cease-and-desist letter regarding its use of and application for the NEW BAE mark.  On May 10, 2018, Defendant's counsel responded on behalf of Defendant, admitting that Defendant's NEW BAE mark was intentionally chosen to create an association with McCormick's famous OLD BAY Mark in the minds of consumers: "As a small company that is relatively new to the market, Primal Palate sees McCormick as a foundation of the spice industry . . .  In choosing the name 'New Bae,' Primal Palate was giving a 'nod' to the impact that the Old Bay seasoning has made on the spice market."

46.     Subsequently, on August 1, 2018, McCormick filed an opposition to Defendant's application for the NEW BAE mark (TTAB Proceeding No. 91242790) on grounds of dilution and likelihood of confusion with McCormick's famous OLD BAY Mark.

## COUNT I
## <u>FEDERAL TRADEMARK INFRINGEMENT</u>
## (15 U.S.C. § 1114)

47. McCormick repeats the allegations in paragraphs 1 through 53 of this Complaint as though fully set forth herein.

48. The acts of Defendant described above constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

49. McCormick has valid and protectable registered rights in the OLD BAY Mark dating from the 1945 filing date for its first application to register OLD BAY. Through its predecessor in interest, it has used the OLD BAY Mark in the United States since at least as early as 1945. These rights pre-date Defendant' first use of the NEW BAE mark for spices and seasoning blends, which began no earlier than 2017.

50. On information and belief, Defendant had actual knowledge of McCormick's ownership and use of the OLD BAY Mark prior to 2017.

51. Defendant' unauthorized use of the NEW BAE Mark as alleged above is likely to cause confusion, mistake, or deception on the part of consumers as to the source, affiliation, or sponsorship of the goods Defendant is offering under the NEW BAE mark, constituting trademark infringement in violation of 15 U.S.C. § 1114.

52. As a direct and proximate result of Defendant's wrongful conduct, McCormick has been, is now, and will be irreparably injured and damaged by Defendant's aforementioned acts, and unless Defendant is enjoined by the Court, McCormick will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which McCormick has no adequate remedy at law.

53.     On information and belief, Defendant has acted willfully to usurp McCormick's rights, and should be held liable to McCormick for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

**COUNT II**
**<u>FALSE DESIGNATION OF ORIGIN</u>**
**(15 U.S.C. § 1125(a))**

54.     McCormick repeats the allegations in paragraphs 1 through 60 of this Complaint as though fully set forth herein.

55.     The acts of Defendant described above constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56.     McCormick has valid and protectable registered rights in the OLD BAY Mark dating from the 1945 filing date for its first application to register OLD BAY.  Through its predecessor in interest, it has used the OLD BAY Mark in the United States since at least as early as 1945.  These rights pre-date Defendant' first use of the NEW BAE mark for spices and seasoning blends, which began no earlier than 2017.

57.     On information and belief, Defendant had actual knowledge of McCormick's ownership and use of the OLD BAY Mark prior to 2017.

58.     Defendant's unauthorized use of the NEW BAE mark as alleged above is likely to cause consumers to believe that Defendant is affiliated with or sponsored by McCormick, or that Defendant's NEW BAE products come from the same source as McCormick's OLD BAY products.  Such association constitutes false designation of origin in violation of 15 U.S.C. § 1125(a).

59.     As a direct and proximate result of Defendant's wrongful conduct, McCormick has been, is now, and will be irreparably injured and damaged by Defendant's aforementioned acts, and unless

Defendant is enjoined by the Court, McCormick will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which McCormick has no adequate remedy at law.

60. On information and belief, Defendant has acted willfully to usurp McCormick's rights, with full knowledge of and intent to cause harm to McCormick, and Defendant should be held liable to McCormick for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT III
## REFUSAL OF U.S. APPLICATION SERIAL NO. 87/682,012
## (15 U.S.C. § 1119)

61. McCormick repeats the allegations in paragraphs 1 through 67 of this Complaint as though fully set forth herein.

62. McCormick has valid and protectable rights in the OLD BAY Mark since substantially prior to Defendant's filing date for Application Serial No. 87/682,012 for the NEW BAE mark for "organic spices" in International Class 30.

63. McCormick has not authorized Defendant to use, apply to register, or register any mark that dilutes or is confusing similar to OLD BAY for spices or seasoning blends.

64. Defendant's unauthorized use, application, and registration of the NEW BAE mark for spices or seasoning blends is likely to dilute McCormick's famous OLD BAY Mark by impairing its distinctiveness and causing harm to its reputation. In addition, it is likely to cause consumers to believe that Defendant is affiliated with or sponsored by McCormick, or that Defendant's NEW BAE products come from the same source as McCormick's OLD BAY products.

65. As a direct and proximate result of Defendant's unauthorized application for the NEW BAE mark, McCormick is now, and will be, irreparably injured and damaged by Defendant's aforementioned application, and unless the application is refused registration by order of the Court,

13

McCormick will suffer further harm to its name, reputation, and goodwill.  This harm constitutes an injury for which McCormick has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, McCormick prays that the Court enter an Order;

A.    Adjudging that Defendant is committing trademark dilution, trademark infringement, and false designation of origin under 15 U.S.C. §§ 1125(c), 1114, and 1125(a);

B.    Enjoining Defendant and its officers, agents, servants, employees, attorneys, and assigns, and all persons in active concert or participation with any of them, from (a) using the mark NEW BAE, or any other designation confusingly similar to or likely to dilute McCormick's famous OLD BAY Mark in connection with any goods; (b) doing any act or thing calculated or likely to cause confusion, mistake, or deception of actual or prospective consumers as to the source, affiliation, or sponsorship of the goods offered or distributed by Defendant; (c) otherwise competing unfairly with McCormick in any manner; or (d) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in parts (a) through (c) of this paragraph;

C.    Requiring Defendant to file with this Court and to serve on McCormick, within thirty (30) days after entry of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

D.    Requiring Defendant to provide a complete accounting to McCormick for any and all profits realized from the sale of Defendant's products bearing the NEW BAE mark, from inception up through the date of the injunction;

E.    Requiring Defendant, pursuant to 15 U.S.C. § 1118, to deliver up for destruction, or to show proof of said destruction or sufficient modification to eliminate the infringing matter, all catalogs,

articles, products, displays, labels, circulars, letterhead, business cards, promotional items, clothing, literature, or other matter in the possession, custody, or under the control of Defendant or its agents bearing or displaying the NEW BAE mark in any manner;

  F. Refusing registration of Defendant's NEW BAE mark in Application Serial No. 87/682,012;

  G. Awarding McCormick its actual compensatory damages, including but not limited to Defendant's profits and McCormick's damages, in an amount to be determined at trial;

  H. Awarding McCormick treble damages pursuant to 15 U.S.C. § 1117 for Defendant's knowing, intentional and willful violations of federal law;

  I. As this is an exceptional case, pursuant to 15 U.S.C. § 1117(a), awarding McCormick its costs and attorneys' fees; and

  K. Awarding to McCormick such other and further relief as this Court deems just and proper.

sf-4077421

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, McCormick hereby demands a jury trial on all issues triable by jury.

Dated:  September 9, 2019

Respectfully submitted,

*/s/ Joyce Liou*
JOYCE LIOU

Jennifer Lee Taylor (*pro hac vice*)
JTaylor@mofo.com
Joyce Liou (*pro hac vice*)
JLiou@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:  415.268.7000
Facsimile:   415.268.7522

G. Brian Busey (D. Md. Bar No. 03918)
GBusey@mofo.com
MORRISON & FOERSTER LLP
2000 Pennsylvania Ave. N.W., Suite 6000
Washington, D.C. 20006
Telephone:  202.887.1500
Facsimile:   202.785-7518

*Attorneys for Plaintiff*
MCCORMICK & COMPANY, INCORPORATED

sf-4077421